IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17CV33

| | |
|---|---|
| CHERYL PRITCHARD, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment (# 9, 15). Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court recommends that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

**I.      Procedural Background**

On January 31, 2013, Plaintiff protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income. (Transcript of Administrative Record ("T.") 11.) Plaintiff alleged a disability onset date of July 31, 2012. (T. 11.) The Social Security Administration denied Plaintiff's claims initially on May 23, 2013. (T. 11.) The claims were denied upon reconsideration on September 9, 2013. (T. 11.) On September 30, 2013, Plaintiff filed a written request for a hearing. (T. 11.)

On April 21, 2015, a hearing was held before an Administrative Law Judge ("ALJ") in

Charlotte, North Carolina.[1]  (T. 11.)  The ALJ issued a decision finding that Plaintiff was not disabled from July 31, 2012, through the date of his decision, June 17, 2015.  (T. 19.)  Plaintiff requested review of the ALJ's decision.  (T. 6.)  The Appeals Council denied Plaintiff's request for review.  (T. 1-3.)  On January 27, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision.  See Compl. (# 1).

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).  Under the five-step sequential evaluation, the Commissioner must consider each of the following, in sequence: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity.  20 C.F.R. §§ 404.1520, 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing.  Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016).  If a claimant fails to

---
[1] Janette Clifford, a vocational expert, appeared at the hearing.  (T. 11.)  Attorney David Lund, also present at the hearing, represented Plaintiff.  (T. 11.)

satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert ("VE"), who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

**III.    The ALJ's Decision**

3

In his June 17, 2015, decision, the ALJ concluded that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 19.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

(2) The claimant has not engaged in substantial gainful activity since July 31, 2012, the alleged onset date (20 C.F.R. §§ 404.1571 et seq., and 416.971 et seq.).

(3) The claimant has the following severe impairments: status-post left ankle injury (20 C.F.R. §§ 404.1520(c), 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

(5) The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 414.1567(b), 416.967(b). She requires a sit/stand option with the ability to change position two times an hour, she cannot climb ropes, ladders, or scaffolds, and she can only climb ramps or stairs.

(6) The claimant is capable of performing past relevant work as a repairer (boot and shoe) and sales person (toy trains and accessories). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. (20 C.F.R. §§ 404.1565, 416.965).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from July 31, 2012, through June 17, 2015 (20 C.F.R. §§ 404.1520(f), 416.920(f)).

(T. 11-19.)

**IV.    Standard of Review**

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in

4

that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he or she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Discussion

### A. Plaintiff's pain from her left ankle impairment was controlled with medication.

In her first assignment of error, Plaintiff argues that the ALJ erred by finding her pain was controlled with medication even when she engaged in weight-bearing activities. Pl.'s Mem. Supp. (# 10) at 4-7. The Court disagrees.

Determining if a claimant is disabled by pain entails a two-step process. Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996); see also 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); SSR 96-7p.[2] First, there must be a showing of objective medical evidence that there is an impairment that could reasonably be expected to cause the pain, in the amount and degree alleged by the claimant.

---

[2] The Court recognizes that SSR 96-7p was superseded by SSR 16-3p, effective March 28, 2016. SSR 96-7p was the effective statute at the time of the ALJ's decision; thus, it remains relevant authority in this case.

5

Craig, 76 F.3d at 594. Once the ALJ determines that the first step has been satisfied, the ALJ must then consider the credibility of the claimant's subjective allegations of pain in light of the entire record.³ Id. at 595 (citing 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1)).

A review of the ALJ's decision reveals the following: The ALJ outlined the appropriate legal standard. (T. 15.) The ALJ went through Plaintiff's relevant testimony at the April 21, 2015, hearing. In particular, the ALJ noted that Plaintiff testified she injured her left ankle in a motor vehicle accident in 1997. (T. 15.) Plaintiff had difficulties with walking, sitting, or standing. (T. 15.) When she was seated, her ankle swelled, and she had trouble getting up. (T. 15.) Plaintiff stated that she really suffered with her ankle in the afternoon, and her pain had increased since the date of the accident. (T. 15.) Plaintiff explained that she had been informed that arthritis had built up in the ankle, which was causing her to experience pain. (T. 15.) Plaintiff takes 10mg of Percocet four times a day. (T. 15.)

The ALJ addressed Plaintiff's medical records. First, the ALJ addressed Plaintiff's medical records from McDowell Medical Associates. (T. 16.) On May 10, 2011, Plaintiff was seen for history of hypertension, Type II diabetes, and chronic left ankle pain. (T. 16.) Plaintiff stated that she generally took Vicodin ES 7.5mg three times a day, and that this allowed her to have good pain control. (T. 16.) Plaintiff stated she did better with activities when taking the pain medication, but she had recently run out of her prescription. (T. 16.) On July 25, 2012, Plaintiff reported ongoing left ankle pain with no worsening changes and good benefit from the Vicodin. (T. 16.) Plaintiff reported <u>no</u> decreased activity. (T. 16.) Plaintiff continued to do well with respect to pain

---

³ When evaluating the credibility of a claimant's subjective symptoms, the following are relevant factors: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, used for the relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors regarding functional limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

control on her present regimen. (T. 16.) On January 29, 2013, Plaintiff was having fairly good pain control on her current regimen. (T. 16.) On August 29, 2013, Plaintiff ambulated well, had a steady gait, and did not require assistance from an assistance device. (T. 16.) Plaintiff reported that Vicodin afforded her good pain control with no decrease in her activities. (T. 16.) On December 31, 2013, Plaintiff requested something for the pain in her left ankle. (T. 16.) Plaintiff reported that the pain was worse with weight-bearing activities. (T. 16.) Plaintiff was found to have a steady gait, and she did not require the use of an assistance device. (T. 16.) On August 8, 2014, Plaintiff reported significant pain of the left ankle at times, usually increased with prolonged weight-bearing activity. (T. 16.) Plaintiff exhibited a steady gait and was in "no acute distress". (T. 16.)

Plaintiff was initially seen by Dr. Ellison on August 12, 2014, complaining of continuous ankle pain and elevated blood pressure. (T. 17.) Office notes through March 14, 2014, show that Plaintiff was seen for medication refills. (T. 17.) Plaintiff continued to complain with intermittent foot pain, but she did not report any swelling. (T. 17.)

On March 14, 2013, Plaintiff had a consultative physical examination, where she complained of pain coming and going based on her activity. (T. 17.) Plaintiff report no pain with sitting and significant pain with minimal ambulation. (T. 17.) Plaintiff explained that she was on pain medication, which decreased the severity of the pain. (T. 17.) Plaintiff reported that elevating and staying off her ankle completely relieved the pain. (T. 17.) Upon examination, Plaintiff walked with a limping gait, but she did not require an assistive device for minimal ambulation or balance. (T. 17.)

At the April 21, 2015, hearing, Plaintiff testified that she lives with her husband. (T. 17.) Plaintiff is alone during the day, and she washes dishes, does laundry, and reads. (T. 17.) Plaintiff

7

is able to drive with no limitations. (T. 17.)

Following his summation of Plaintiff's relevant medical evidence, the ALJ noted that Plaintiff "repeatedly indicated that her pain was controlled with her medication regimen." (T. 18.) The ALJ also noted that Plaintiff reported increased pain with ambulation. (T. 18.) Based on the record, the ALJ made the reasonable determination that Plaintiff's pain was controlled with medication. This finding is supported by substantial evidence.

The ALJ considered Plaintiff's alleged limitations caused by her left ankle pain and made a reasonable, legal determination of her residual functional capacity. In particular, the ALJ took into account Plaintiff's reports of pain, the effectiveness of her pain medication, her course of treatment, her clinical findings, her medical and lay opinions, and her activities of daily living. (T. 14-19.) The ALJ found that Plaintiff's allegations of pain in her left ankle was credible, but he concluded that the evidence, such as a steady gait, normal motor strength, and ability to ambulate without an assistive device showed that she was not as limited as she alleged. (T. 18.) Accordingly, the ALJ limited Plaintiff to the extent that he found reasonable and supported by the evidence, and limited her to work allowing a sit/stand option with the ability to change position twice an hour, with the ability to stand/walk for a total of six hours in an eight-hour workday. (T. 18.)

In sum, the ALJ applied the correct law and supported his findings with substantial evidence. Consequently, the Commissioner is entitled to summary judgment on this issue.

**B.     The ALJ properly evaluated Dr. Ellison's opinion.**

In her second and final assignment of error, Plaintiff argues that the ALJ erred by failing to explain why he disregarded Dr. Ellison's opinion regarding Plaintiff's limitations due to her

8

lower extremities.[4] Pl.'s Mem. Supp. (# 10) at 8-10. Plaintiff's argument reflects a misreading of the ALJ's decision.

The Regulations provide as follows with respect to the Social Security Administration's criteria for evaluating opinion evidence:

> Evidence that you submit or that we obtain may contain medical opinions. Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite your impairment(s), and your physical or mental restrictions.

20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The Regulations direct that the ALJ must analyze and weigh the evidence of record with the following factors taken into consideration: (1) length of treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); see Cohen v. Berryhill, ___ F. Supp. 3d ___ , 2017 WL 3641611, at *2 (D.S.C. Aug. 23, 2017). As a general rule, more weight is given to a medical professional who examines a claimant, as opposed to a non-examining source. 20 C.F.R. §§ 1527(c)(1), 416.927(c)(1); see Patterson v. Colvin, No. 5:12-CV-063-RLV-DCK, 2013 WL 3035792, at *4 (W.D.N.C. June 17, 2013).

In the instant case, the ALJ noted that Dr. Ellison filled out a Medical Source Statement on December 12, 2014. (T. 17.) The ALJ further noted that Dr. Ellison opined that Plaintiff had the ability to lift/carry ten pounds, stand/walk for less than two hours in an eight-hour workday, and sit with the ability to periodically alternate between sitting and standing to relieve pain or discomfort. (T. 17, 389-92.) The ALJ noted that Dr. Ellison also concluded that Plaintiff was limited in her ability to push/pull with the lower extremities, balance, knee, climb, crawl, or stoop.

---

[4] Plaintiff argues that the ALJ's error was particularly prejudicial in in this case given her age and education level. Pl.'s Mem. Supp. (# 10) at 10.

9

(T. 17-18, 389-92.) With respect to Dr. Ellison's opinion, the ALJ concluded as follows:

> **The undersigned has considered the limitations outlined by Dr. Ellis [sic]; however, has given little weight to the limitations as the objective medical evidence does not support the degree of limitations as outlined.** The undersigned notes that the claimant has no problems with her upper extremities and the evidence does not show that the claimant complained of back pain, thus the limitations with regards to her upper extremities are not founded.

(T. 18.) (emphasis added).

The ALJ's rationale for discounting the opinion offered by Dr. Ellison is legally sufficient, and the ALJ's evaluation of the medical opinion evidence complies with the Regulations. Accordingly, the Commissioner is entitled to summary judgment on this issue.

## VI. Conclusion

In light of the foregoing, the Court RECOMMENDS that Plaintiff's motion for summary judgment (# 9) be DENIED, and the Commissioner's motion for summary judgment (# 15) be GRANTED.

Signed: February 23, 2018

Dennis L. Howell
United States Magistrate Judge

## **Time For Objections**

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14) days** of service of same. Responses to the objections must be filed within **fourteen (14) days** of service of the objections. Failure to file objections to this Memorandum and Recommendation with the District Court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).